**Motion Granted; Abatement Order filed March 10, 2020.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-19-00589-CR

———————

**JAIRUS WARREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 16**
**Harris County, Texas**
**Trial Court Cause No. 2113984**

---

### ABATEMENT ORDER

The reporter's record has been filed. Appellant has filed a motion requesting abatement of the appeal for correction of the record.

Texas Rule of Appellate Procedure 34.6 allows correction of inaccuracies in the reporter's record. Tex. R. App. P. 34.6. The parties may agree to correct an inaccuracy or, if the parties cannot agree, the trial court can hold a hearing and make a determination regarding the alleged inaccuracy and order the court reporter

to correct the record. Tex. R. App. P. 34.6(e)(1), (2). If a dispute arises regarding the accuracy of the reporter's record after the record has been filed in the appellate court, the appellate court may submit the dispute to the trial court for resolution. Tex. R. App. P. 34.6(e)(3). Accordingly, we order as follows.

Under Texas Rule of Appellate Procedure 34.6, the judge of County Criminal Court at Law No. 16 shall (1) immediately conduct a hearing at which the court reporter(s), appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether the reporter's record contains any inaccuracy; and (b) if so, what correction(s) is/are necessary to conform the record to what occurred in the trial court. If the trial court finds that the reporter's record is accurate, the trial court shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings. Those records shall be filed with the clerk of this court within **30 days of the date of this order.**

If, however, the trial court finds one or more  inaccuracies in the reporter's record, the trial court shall order the court reporter to conform the reporter's record to what occurred in the trial court and to certify and file a corrected reporter's record with the clerk of this court within **30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court also will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the

responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.